**Boyd A. CHAPMAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 04–3037.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 2, 2004.

Before LOURIE, LINN, and PROST, Circuit Judges.

*ORDER*

LINN, Circuit Judge.

The Office of Personnel Management (OPM) moves for summary affirmance of the Merit System Protection Board's decision affirming OPM's dismissal of Boyd A. Chapman's request for reconsideration as untimely.* Chapman has not responded.

On December 20, 2001, OPM issued an initial decision finding that Chapman was no longer entitled to disability retirement benefits. The decision letter advised Chapman that a request for reconsideration *"must* be received by OPM within 30 days of the date of this letter." (Emphasis in original.) *See* 5 C.F.R. § 841.306(d)(1). The decision letter advised Chapman that if he intended "to submit additional evidence but it is unavailable to be sent with your request for reconsideration, *do not delay your request."* (Emphasis in original.)

---

* OPM confusingly files its motion with a red cover and labels the document as a "Brief." A motion is not a brief and, pursuant to Fed. R.App. P. 27, a motion may have no cover or may use a white cover.

On February 28, 2002, OPM received a request for reconsideration from Chapman dated January 31, 2002. In his request, Chapman offered several reasons for his "delayed submission," stating that he had a "death in the family and was away from home most of January [and] was trying to gather some documents to help with [his] appeal." After reviewing Chapman's response to OPM's request to produce evidence demonstrating that Chapman "would qualify for a waiver of the reconsideration time limits," OPM concluded that Chapman had "not presented sufficient evidence to show that [he] was unable to file a request for reconsideration within the time limit provided by regulation." *See* 5 C.F.R. § 841.306(d)(2). OPM dismissed Chapman's request and Chapman appealed to the Board.

The administrative judge (AJ) affirmed OPM's reconsideration decision, stating:

> Certainly, the appellant received OPM's initial decision in January because his request for reconsideration is dated January 31, 2002. Whether he was at or away from home during a part or all of the month, it is clear that he received mail sent to him. He has not explained why he could not mail an appeal from another address, even assuming he was not at home. His explanation that he was waiting for additional information before he sent his appeal is not a valid explanation for the delay because OPM's initial decision advised him he was to send any additional information at a later time following the timely filing of his request for reconsideration. Accordingly, OPM did not abuse its discretion by finding the appellant failed to show that circumstances beyond his control precluded his timely response.

The Board denied Chapman's petition for review of the AJ's initial decision and Chapman petitioned this court for review.

Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994) (summarily affirming the Court of Federal Claims' dismissal of a complaint). We agree that the Board's affirmance of OPM's reconsideration decision was correct. Similarly, in *Azarkhish v. Office of Personnel Management,* 915 F.2d 675, 676, 679 (Fed.Cir. 1990), we affirmed the Board's affirmance of OPM's denial of reconsideration where the petitioner's physical and mental condition "was not shown to have prevented her from filing for reconsideration in a timely manner," and there was "no evidence that the AJ's decision resulted in the petitioner being subjected to a hardship not faced by others who file ... untimely requests for reconsideration without proving an excuse cognizable under the regulation." Because no substantial question exists regarding the outcome of the instant appeal, the court summarily affirms the Board's decision.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted.

(2) Each side shall bear its own costs.